IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BRIDGET LEVAI, | * |
| Plaintiff, | * |
| v. | *   Case No. TJS-21-1118 |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, | * |
| Defendant. | * |

\* \* \* \* \* \*

**MEMORANDUM OPINION**

Pending before the Court is Defendant Washington Metropolitan Area Transit Authority's ("WMATA") Motion for Summary Judgment ("Motion") (ECF No. 18).[1] Having considered the submissions of the parties (ECF Nos. 18, 25 & 26), I find that a hearing is unnecessary. Loc. R. 105.6.[2] For the following reasons, the Motion will be granted.

**I.   Background**

Plaintiff Bridget Levai ("Levai") filed a complaint against WMATA in the District Court of Maryland for Prince George's County on or about April 21, 2020. ECF No. 3. On May 7, 2021, WMATA removed the case to this Court pursuant to the WMATA Compact, *see* Md. Code.,

---

[1] In accordance with 28 U.S.C. § 636(c), all parties have voluntarily consented to have the undersigned conduct all further proceedings in this case, including trial and entry of final judgment, and conduct all post-judgment proceedings, with direct review by the Fourth Circuit Court of Appeals, if an appeal is filed. ECF Nos. 8, 10, & 12. By order dated November 16, 2022, the Court directed Plaintiff to file written notice of her consent to proceed before a magistrate judge. ECF No. 27. She failed to do so. The Court will infer Plaintiff's consent to a magistrate judge given her conduct in this litigation, including her failure to object to the case being referred to a magistrate judge for all proceedings even as she actively litigated the case. *See Roell v. Withrow*, 538 U.S. 580, 590 (2003) ("The question is whether consent can be inferred from a party's conduct during litigation, and we hold that it can be.").

[2] WMATA's protestation that the Levai response was filed late is construed by the Court as WMATA's request to treat the Motion as conceded. It is denied.

Transp. § 10-204(81) (granting original jurisdiction over suits against WMATA to the United States District Courts).³ ECF No. 1.

Under the WMATA Compact, WMATA is liable for torts that its employees commit "in the conduct of any propriety function, in accordance with the law of the applicable signatory (including rules on conflict of laws)." Md. Code, Transp. § 10-204(80); *see Robinson v. Washington Metro. Area Transit Auth.*, 774 F.3d 33, 38 (D.C. Cir. 2014). Maryland adheres to the *lex loci delicti* rule to determine the applicable law in tort actions. *Philip Morris Inc. v. Angeletti*, 358 Md. 689, 744 (2000). Under this rule, the "substantive tort law of the state where the wrong occurs governs." *Hauch v. Connor*, 295 Md. 120, 123 (1983). Because the alleged tort took place in Washington, D.C., the law of the District of Columbia governs Levai's negligence claim.⁴

The following facts are presented in the light most favorable to Levai because she is the non-moving party. *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 205 (4th Cir. 2019). On September 26, 2017, Levai boarded a WMATA bus in Washington, D.C.⁵ When the WMATA bus pulled up to a stop on 11th Street, NW, Levai attempted to deboard through the front door of the bus, closest to the bus operator. As Levai approached the exit door, "the [d]river of the bus manipulated (initially raising and suddenly lowering) the automatic wheelchair lift in a manner that caused [Levai] to injure herself." ECF No. 25-1 at 2. The wheelchair lift "injured her right big toe." *Id.* Levai "also injured her lumbar spine, right ankle, right hip, and shin." *Id.* This lawsuit followed.

---

³ WMATA was not served until April 23, 2021. ECF No. 1 at 1.
⁴ Levai argues that Maryland law applies. She is mistaken on this point and the Court rejects her argument.
⁵ WMATA has submitted video evidence of the incident. The parties offer competing interpretations of the footage. The Court declines to address WMATA's argument that the footage establishes that WMATA was not negligent.

## II.     Analysis

### A.     Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the moving party to demonstrate the absence of any genuine dispute of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If sufficient evidence exists for a reasonable jury to render a verdict in favor of the party opposing the motion, then a genuine dispute of material fact is presented and summary judgment should be denied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, the "mere existence of a scintilla of evidence in support of the [opposing party's] position" is insufficient to defeat a motion for summary judgment. *Id.* at 252.

The facts themselves, and the inferences to be drawn from the underlying facts, must be viewed in the light most favorable to the opposing party. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008). A party may not rest upon the mere allegations or denials of its pleading but instead must cite to "particular parts of materials in the record" or "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Supporting and opposing affidavits are to be made on personal knowledge, contain such facts as would be admissible in evidence, and show affirmatively the competence of the affiant to testify to the matters stated in the affidavit. Fed. R. Civ. P. 56(c)(4).

### B.     Negligence

In the District of Columbia, the "plaintiff in a negligence action bears the burden of proof on three issues: 'the applicable standard of care, a deviation from that standard by the defendant,

3

and a causal relationship between that deviation and the plaintiff's injury.'" *Toy v. Dist. of Columbia*, 549 A.2d 1, 6 (D.C. 1988) (quoting *Meek v. Shepard*, 484 A.2d 579, 581 (D.C. 1984)). "Thus, at the outset, to establish a prima facia negligence case, the plaintiff must prove that the defendant deviated from the applicable standard of care." *Id.* When the alleged negligent act is "within the realm of common knowledge and everyday experience," expert testimony on the applicable standard is not required. *Id.* (quoting *Dist. of Columbia v. White*, 442 A.2d 159, 164 (D.C. 1982)). But where the "subject presented is so distinctly related to some science, profession, or occupation as to be beyond the ken of the average layperson," a plaintiff is required to put on expert testimony. *Id.* (internal quotation omitted); *Hughes v. Dist. of Columbia*, 425 A.2d 1299, 1303 (D.C. 1981) ("Absent such testimony, the jury will be forced to engage in idle speculation which is prohibited."). A plaintiff's failure to prove a standard of care is fatal to a negligence claim. *Scott v. Dist. of Columbia*, 101 F.3d 748, 757 (D.C. Cir. 1996) (citing *Dist. of Columbia v. Carmichael*, 577 A.2d 312, 314 (D.C. 1990)).

"When expert testimony is required, the expert must identify a 'concrete standard upon which a finding of negligence could be based.'" *Robinson v. Washington Metro. Area Transit Auth.*, 858 F. Supp. 2d 33, 39-40 (D.D.C. 2012) (quoting *Dist. of Columbia v. Carmichael*, 577 A.2d 312, 315 (D.C. 1990)). Further, "the expert must clearly relate the standard of care to the practices in fact followed by other comparable governmental facilities or to some standard nationally recognized by such units." *Clark v. Dist. of Columbia*, 708 A.2d 632, 635 (D.C. 1997). "Neither personal opinions nor unsupported generalizations provide a permissible basis for the expert's articulation of the applicable standard of care." *Robinson*, 858 F. Supp. 2d at 39-40 (citing *Travers v. Dist. of Columbia*, 672 A.2d 566, 569 (D.C. 1996); *Messina v. Dist. of Columbia*, 663 A.2d 535, 538 (D.C. 1995)).

"[W]here a plaintiff seeks to establish standards regarding the specific procedures that public transit bus operators should follow—as in this case—a plaintiff must present expert testimony, as the standards governing the operation of city buses are distinctly related to an occupation that is beyond the ken of the average layperson." *Robinson v. Washington Metro. Area Transit Auth.*, 941 F. Supp. 2d 61, 67 (D.D.C. 2013) (internal quotation omitted), *aff'd*, 774 F.3d 33 (D.C. Cir. 2014). If a plaintiff "fails to present sufficient evidence to establish the applicable standard of care, the trial court must direct a verdict for the defendant." *Id.* (quoting *Toy*, 549 A.2d 1, 6 (D.C. 1988); *see also Casey v. McDonald's Corp.*, 880 F. 3d 564, 569 (D.C. Cir. 2018) (explaining that a plaintiff "must show that the defendant violated a national standard of care").

In this case, Levai argues that WMATA's driver was negligent in their operation of the bus, and specifically in their operation of the automatic wheelchair ramp. *See* ECF Nos. 3 & 25-1. But Levai has not produced expert evidence of what standard of care applies to WMATA's alleged negligence. Such evidence is required under District of Columbia law. The care that a bus driver must exercise and the procedure that they must follow while operating the automatic wheelchair ramp as passengers board or deboard is "beyond the ken of the average layperson." *Robinson*, 941 F. Supp. 2d at 67; *see also Bush v. Washington Metro. Area Transit Auth.*, No. 19-930 (JEB), 2020 WL 921419, at *4 (D.D.C. Feb. 26, 2020) (holding that a plaintiff must provide expert testimony to establish the standard of care of a MetroAccess driver when allowing a passenger to deboard). The average layperson does not know how an automatic wheelchair ramp, which is located at the front door of a WMATA bus, where passengers sometimes simultaneously attempt to board and exit, should be operated. Without expert testimony on the relevant standard of care, Levai "cannot prove the standard of care for operating a wheelchair ramp, and cannot prove that WMATA deviated from any such standard." ECF No. 18-2 at 8.

The Court rejects Levai's argument that expert testimony is not required. Levai argues that the relevant standard of care is "the standard of conduct to which one must conform," which is "that of a reasonable man under like circumstances," and that an expert opinion on this issue is not required. ECF No. 25-1 at 6. This is simply not the law in the District of Columbia. Under that law, Levai is required to establish the national standard of care with expert testimony.

Because Levai has failed to establish the applicable standard of care with expert testimony, the Court must enter summary judgment for WMATA. The Court declines to address WMATA's remaining arguments.

### III. CONCLUSION

For the reasons set forth above, WMATA's motion for summary judgment (ECF No. 18) is **GRANTED**. An accompanying Order follows.

<u>November 28, 2022</u>　　　　　　　　　　　　　　<u>　　　　/s/　　　　　　</u>
Date　　　　　　　　　　　　　　　　　　　　　　Timothy J. Sullivan
　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge